UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Ixchell I. L. S., et al.,[1] <br><br> Petitioner, <br><br> v. <br><br> Pamela Bondi, Kristi Noem, Department of Homeland Security, Todd M. Lyons, Immigration and Customs Enforcement, Daren K. Margolin, Executive Office for Immigration Review, and David Easterwood, <br><br> Respondents. | Case No. 26-CV-847 (MJD/JFD) <br><br> REPORT AND RECOMMENDATION |

Petitioner Ixchell I. L. S. has filed a Petition for Writ of Habeas Corpus (Dkt. No. 1), pursuant to 28 U.S.C. § 2241 on behalf of herself and her two minor children.[2] The petition has been referred to the undersigned for the issuance of a report and recommendation. Petitioner claims that she and her two children are being denied access

---

[1] This District has adopted a policy of using only the first name and last initial of any nongovernmental parties in immigration cases.

[2] As a general matter, joint requests for habeas corpus relief are rarely appropriate, as claims for habeas relief are so often dependent upon factual circumstances that differ from petitioner to petitioner. (*See Doe v. Bondi*, No. 26-CV-293 (NED/JFD), Dkt. No. 6 (D. Minn. Jan. 14, 2026).) This is one of those rare exceptions to the rule, as the primary petitioner, Ixchell, is the parent of the two other petitioners, both of whom are minor children. The relevant facts are the same between the petitioners, and the interests of justice require a speedy return to Minnesota and release from ICE custody. Severance would create unnecessary delays in effectuating that just outcome and may result in the children being separated from their mother. The government does not seek severance, and the Court finds that such a measure would cause additional, unnecessary harm to petitioners.

to a bond hearing to which they is entitled under 8 U.S.C. § 1226(a). Respondents counter that Petitioners are not eligible for a bond hearing because their detention is mandatory under 8 U.S.C. § 1225(b)(2). For the reasons set forth in *Beltran v. Bondi*, No. 25-04604 (MJD/DTS), 2025 WL 3719856, at *1 (D. Minn. Dec. 23, 2025), the Court recommends that the petition be granted. The Court further recommends that Respondents' procedurally improper Motion to Dismiss be denied because the factual basis that Respondents allege strips jurisdiction from this Court occurred only because Respondents violated an order of the Honorable Michael J. Davis, the District Judge assigned to this case.

The following facts are taken from the Petition. Petitioners are citizens of Venezuela. (Pet. ¶ 7.) They have lived in the United States since 2024. (Pet. ¶ 12.) The primary petitioner, Ixchell, was detained by Respondents on January 29, 2026 when she was reporting, as requested, to immigration authorities, and upon her arrest, ICE demanded to know the location of her minor children, who were at school at the time. (Pet. ¶ 16.) ICE then called the school and threatened to raid the school if a school employee did not bring the students to ICE, in order for those children to be detained. (Pet. ¶ 17.) "To protect the other students, the headmaster drove the children to ICE," where they were detained and ultimately moved to Texas with their mother, Ixchell. (*Id.*) Respondents have refused to provide them a bond hearing, citing *Matter of Yajure Hurtado*, 29 I. & N. Dec. 216 (BIA 2025).

Judge Davis has already held that 1) this Court's "habeas jurisdiction attached at the time of Petitioner's apprehension in this District;" 2) "jurisdiction is not defeated by any subsequent decision by Respondents to transfer Petitioner to another state;" 3) "Habeas

jurisdiction turns on custody and control, not on the Government's unilateral post-seizure movement of the detainee;" and 4) "The position that jurisdiction lies exclusively in the district to which Respondents transfer a petitioner would permit the Government to determine the forum for judicial review through its own logistics. Federal courts may not be divested of jurisdiction in that manner." (Jan. 30, 2026 Order ¶ 4, Dkt. No. 3.)

In their response, Respondents challenge only the Court's jurisdiction to decide this case, not the legal basis for Petitioners' detention. Respondents ignore, indeed do not even acknowledge, that the Court has already ruled on its jurisdiction in this case, and the fact that Respondents have deliberately violated the Court's previous order cannot provide grounds for a reconsideration of that determination. On January 30, 2026, at the same time it made the above determinations regarding jurisdiction, the Court enjoined Respondents from moving Petitioners from the District of Minnesota, (*id*. at ¶ 5) and ordered Respondents, if they had already moved Petitioners from the District of Minnesota, to *immediately* return Petitioners to Minnesota. (*Id*. at ¶ 6 (emphasis added).) Respondents' response only argues that this Court does not retain jurisdiction because Petitioners are now being held in Texas and alleges that Petitioners were in Texas at the time the petition was filed. (*See* Resp. 1, Dkt. No. 5.)

Respondents' argument is that they violated a court order and by doing so divested this Court of jurisdiction. Not only is Respondents' behavior procedurally improper, but this Court takes it as a bald-faced admission that Respondents violated an order of this Court. First, because the Court has already made a determination on jurisdiction in this case, the procedurally appropriate way to challenge that determination would be through a

3

request to file a motion to reconsider, pursuant to D. Minn. LR 7.1(j). No such request was filed, and the Court can identify no "compelling circumstances" to recommend granting such a request. *See* D. Minn. LR 7.1(j).

Second, by basing their response only on jurisdictional grounds (that this case should be heard in Western District of Texas, rather than the District of Minnesota), Respondents concede that Petitioners are currently being held in El Paso, Texas, in direct contravention of the Court's order to keep Petitioners in Minnesota or immediately return them to Minnesota. Judge Davis anticipated the procedural gamesmanship attempted here by Respondents and entered an order which, if followed, would have prevented Respondents' behavior. Nevertheless, Respondents violated that order. This violation of the Court's order is part of a systematic violation of court orders by the Respondents in this District. Just last week, Chief Judge Patrick J. Schiltz held that,

> This is one of dozens of court orders with which respondents have failed to comply in recent weeks. The practical consequence of respondents' failure to comply has almost always been significant hardship to aliens (many of whom have lawfully lived and worked in the United States for years and done absolutely nothing wrong): The detention of an alien is extended, or an alien who should remain in Minnesota is flown to Texas, or an alien who has been flown to Texas is released there and told to figure out a way to get home.
>
> This Court has been extremely patient with respondents, even though respondents decided to send thousands of agents to Minnesota to detain aliens without making any provision for dealing with the hundreds of habeas petitions and other lawsuits that were sure to result. Respondents have continually assured the Court that they recognize their obligation to comply with Court orders, and that they have taken steps to ensure that those orders will be honored going forward. Unfortunately, though, the violations continue. The Court's patience is at an end.

(*Juan T.R. v. Noem, et al*, Order to Show Cause, 26-CV-0107 (PJS/DLM) (D. Minn. Jan. 26, 2026). The Court recommends that the Respondents be ordered to show cause as to why they should not be held in contempt of court for violating the Court's order.

The law and the facts of this case are similar to *Beltran v. Bondi*, No. 25-04604 (MJD/DTS), 2025 WL 3719856, at *1 (D. Minn. Dec. 23, 2025). In *Beltran*, Judge Davis determined that § 1226(a) governs the detention of noncitizens who are already residing in the United States, such as Petitioners—not § 1225(b)(2), which governs the detention of noncitizens seeking admission into the United States. *Beltran*, 2025 WL 3719856, at *3. If seeking admission, a noncitizen is subject to mandatory detention and not entitled to a bond hearing; if already residing in the United States, detention is discretionary, and the noncitizen is entitled to a bond hearing. *Id.*

Respondents have not shown how this case is materially distinguishable from *Beltran*. Thus, the Court recommends granting this petition on the same grounds as it granted the petition in *Beltran*. The parties' attention is directed to the shorter than usual deadlines for filing objections to this Report and Recommendation and for filing responses to those objections, set forth in the "Notice" below.

Accordingly, **IT IS HEREBY RECOMMENDED** that:

1. Petitioner Ixchell I. L. S.'s Petition for Writ of Habeas Corpus (Dkt. No. 1) be **GRANTED** insofar as Respondents be ordered to hold a bond hearing under 8 U.S.C. § 1226(a) before an immigration judge in Minnesota within seven days of an order adopting this Report and Recommendation for both Ixchell and her children;

2. If Respondents do not provide Petitioners with a bond hearing under 8 U.S.C. § 1226(a), Petitioners be immediately released from detention; and

3. Respondents be ordered to show cause as to why they should not be held in contempt of court for violating the Court's January 30, 2026 Order.

Date: February 3, 2026                                  *s/ John F. Docherty*
                                                        John F. Docherty
                                                        United States Magistrate Judge

## NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals. Under D. Minn. LR 72.2(b)(1), "[a] party may file and serve specific written objections to a magistrate judge's proposed findings and recommendations within 14 days after being served with a copy of the recommended disposition, *unless the court sets a different deadline*." (Emphasis added.) **The Court modifies the deadline such that objections are due on or before February 5, 2026. Responses to objections are due on or before February 6, 2026.** All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).